**Luis F. Ramírez (022653)**
**lramirez@pryorandamar.com**
**Shalev Amar (022332)**
**samar@pryorandamar.com**
**Pryor Ramírez & Amar, LLC**
**40 W. Baseline Road, Suite 203**
**Tempe, AZ 85283**
**(480) 947-7755**
**(866) 663-3497 (facsimile)**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Theresa Carter,** | Case No.: |
| Plaintiff, | **COMPLAINT --** |
| vs. | **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |
| **Volkswagen Group of America, Inc. d/b/a Audi of America, Inc.** | |
| Defendant. | |

1.   The District Court has jurisdiction to hear this matter under 28 U.S.C. § 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. § 2310(d) as the amount in controversy exceeds $50,000.00.

2.   Plaintiff, Theresa Carter ("Plaintiff"), is a consumer who resides in Arizona.

3.   Defendant, Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor

Complaint - 1

vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships, including Audi of North Scottsdale.

4. On August 11, 2007, Plaintiff purchased from Audi of North Scottsdale a new 2008 Audi TT VIN # TRUMF38J081004088 ("TT") supplied and warranted by Defendant, for $54,493.39 inclusive of all fees and charges incurred during purchase and financing.

5. In connection with Plaintiff's purchase of the TT Defendant issued and supplied Plaintiff with its written warranty, which has 4 year/50,000 mile bumper to bumper coverage.

6. Under Defendant's repair or replacement warranty, Defendant was required (through its authorized dealership warranty repair agents) by common law, State law, and statute to perform adequate and competent repairs or replacements within a reasonable opportunity, as competent repairs within a reasonable opportunity is the essential purpose of warranties restricted to repair or replacement of defective parts.

7. The TT has been consistently defective throughout the warranty period. The TT has experienced the following defects and conditions: a defective convertible top, steering wheel, vibration, tires, oil consumption, spoiler, power windows, and windshield wiper.

8. The TT has been taken repeatedly to Defendant's authorized repair agents for attempted repairs of these non-conformities. Indeed, the TT's defective convertible top, whose proper operation is essential to the safety of Plaintiff's person and

Complaint - 2

possessions, has been taken to Defendant's repair agents for eight (8) separate repair attempts. Additionally, the vehicle has been out of service due to attempted repairs for at least thirty eight (38) days.

9. Plaintiff provided Defendant notice and a reasonable opportunity to repair the defects, non-conformities and conditions within the TT.

10. Defendant failed to cure the TT in reasonable opportunity and thus the TT's warranty failed its essential purpose.

11. Defendant's failure to correct the TT's defects within a reasonable opportunity violates Defendant's statutory and common law duties to Plaintiff and the expectations created by Defendant's promotional documents and warranties.

12. Plaintiff gave Defendant additional notification of the defects within the TT and the excessive number of times Defendant's authorized repair agents attempted repairs, as well as Plaintiff's lawful demand for the remedies provided by law on July 15, 2011.

13. The parties could not come to an accord thus the present litigation ensued.

14. Plaintiff did not receive the basis of her bargain for a new TT. Instead Plaintiff was saddled with a TT riddled with substantial defects akin to an improperly maintained high mileage lower value used vehicle.

15. As a direct and proximate result of Defendant's failure to comply with its duties under written warranty, statutory obligations, and common law duties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiff is entitled to bring suit for such damages.

16. Plaintiff has met all legal and enforceable obligations and preconditions provided for in Defendant's warranty and by statute(s).

17. Plaintiff demands a trial by jury.

## COUNT I
## BREACH OF WRITTEN WARRANTY

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 in this Complaint.

19. Defendant has failed to comply with its duties under the TT's written warranty. Additionally, the warranty has failed of its essential purpose.

20. WHEREFORE, pursuant to 15 U.S.C. § 2310, Plaintiff prays for the following relief against Defendant for its written warranty breach:

    a. An award of diminution in value damages and any equitable relief to which Plaintiff is entitled;

    b. All incidental and consequential damages;

    c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

    d. All other relief deemed justified by this Court.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20 of this Complaint.

22. No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter,

such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. §2308 (a).

23. Defendant (the supplier of the vehicle herein) entered into a service contract with Plaintiff at the time of sale which applies to the TT.

24. Any of Defendant's attempts to disclaim the implied warranty of merchantability are invalid. *See* 15 U.S.C. §2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law.")

25. Because of its defects and repair history the TT is not fit for its ordinary purpose.

26. Defendant has breached the implied warranty of merchantability to Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against Defendant for all actual, incidental and consequential damages to which Plaintiff is entitled;

    b. Grant Plaintiff all reasonable attorneys fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    c. Grant other relief deemed just and appropriate.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26 of this Complaint.

28.     Plaintiff made Defendant's dealership sales agents aware that she was purchasing the TT for driving and using as a fully operational convertible vehicle. Seller's sales agents assured Plaintiff that the TT was designed and fit for these purposes. Plaintiff relied on said agents' skill and judgment to select the subject TT as suitable for the aforementioned use.

29.     Defendant's dealership sales agents, promotional material, and sales documents assured Plaintiff that the TT was fit for driving and using as a fully operational convertible vehicle.

30.     Because of its defects and repair history the TT was not fit for the particular purposes of driving and using as a fully operational convertible vehicle.

31.     Defendant has breached the implied warranty of fitness for a particular purpose.

WHEREFORE, Plaintiff requests that the Court:

a.      Enter judgment against Defendant for all actual, incidental and consequential damages to which Plaintiff is entitled;

b.      Grant Plaintiff all reasonable attorneys fees, litigation costs and expenses pursuant to 15 U.S.C. §2310(d)(2); and,

c.      Grant all other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 22nd day of September, 2011.

By: /s/Luis Ramirez
    Luis Ramírez

|  |  |
|---|---|
| 1 |  |
| 2 | Shalev Amar |
|  | Pryor, Ramírez & Amar, LLC |
| 3 | 40 W. Baseline Road, Suite 203 |
|  | Tempe, AZ 85283 |
| 4 | Attorneys for Plaintiff |

 

Shalev Amar
Pryor, Ramírez & Amar, LLC
40 W. Baseline Road, Suite 203
Tempe, AZ 85283
Attorneys for Plaintiff